

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-25-2006

# Singh v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2266

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Singh v. Atty Gen USA" (2006). *2006 Decisions.* Paper 1714.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1714

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-2266
_____

GURMEET SINGH,

Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES,

Respondent
_____

On Petition for Review of an Order
of the Board of Immigration Appeals
Agency No. A75 840 755
on March 31, 2005
_____

Submitted Under Third Circuit LAR 34.1(a)
January 25, 2006

Before: SLOVITER, SMITH AND VAN ANTWERPEN, <u>CIRCUIT JUDGES</u>

(Filed:   January 25, 2006)

_____

OPINION
_____

PER CURIAM

Gurmeet Singh, acting pro se, seeks review of an order of the Board of Immigration Appeals (Board), denying his motion to reopen. For the reasons below, we will deny the petition.

In 1998, an immigration judge (IJ) ordered Singh's removal in absentia based on the charges in the Notice to Appear; i.e., that he entered the United States without inspection or parole. Singh attempted to appeal the decision, but in May 1999, the Board declined to act on the appeal, noting that a motion to reopen an in absentia order of removal must be filed with the Immigration Court. Singh filed a motion to reopen with the Board in August 2002, but again, the Board found it had no jurisdiction because Singh should have filed with the Immigration Court. Nearly five years after the IJ's decision, in November 2002, Singh sought to reopen the proceedings, arguing that he had not received proper notice of the 1998 hearing, noting that he was married to a United States citizen, and expressing fear of returning to India. The IJ found that Singh failed to establish that he did not receive proper notice of the 1998 hearing. The IJ also denied reopening so that Singh could adjust his status based on his marriage to a United States citizen, noting that Singh's motion to reopen was untimely, and that he had failed to provide the Court with any information concerning the bona fides of his marriage. In his appeal notice, Singh argued that he had not received notice of the 1998 hearing and that he was married to a U.S. citizen. He attached a marriage certificate to the notice. In his brief, however, he argued only that he was eligible for asylum from India. The Board summarily affirmed without opinion on December 5, 2003.

In January 2005, Singh filed a motion with the Board to reopen its December 5, 2003, decision. Singh argued that (a) he was not provided with proper notice of the 1998 hearing, (b) he was entitled to adjust his status based on a bona fide marriage to a United States citizen, and (c) he was severely tortured and beaten by Indian police and would be killed by Indian police if he were to be removed to India. In support of his motion, he attached a form showing that he was scheduled for an adjustment of status interview, and attached four nearly identical affidavits reporting that Indian police officers raided his home twice in December 2004. A single member of the Board denied reopening. The order held that (a) Singh had presented no new evidence concerning whether proper notice of the 1998 hearing had been given; (b) the in absentia removal order precluded any adjustment of status based on Singh's marriage[1]; and (c) Singh had not made out the prima facie case required for an asylum claim. See Board Order dated March 31, 2005, 1-2. Singh timely petitioned for review.[2]

The decision to deny a motion to reopen is within the Board's discretion. See 8 C.F.R. § 1003.2(a); Lu v. Ashcroft, 259 F.3d 127, 131 (3d Cir. 2001).[3] Under the

[1] In support of this proposition, the Board cited INA § 240B(d) [8 U.S.C. § 1229c(d)]. That provision, however, provides the consequences of an alien's failure to abide by an order of voluntary departure; there is no indication that Singh was ever granted voluntary departure. The Board surely meant to cite INA § 240(b)(7) [8 U.S.C. § 1229a(b)(7)], which precludes various forms of relief—including adjustment of status—to those who have been ordered removed in absentia for a period of ten years.

[2] This Court denied his motion for a stay of removal on May 27, 2005.

[3] This court's review does not extend to any of the Board's orders entered before March 31, 2005, because the petition for review was only timely as to that order. See

3

regulations, the Board "has discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief." 8 C.F.R. § 1003.2(a). As the Supreme Court has stated, the regulations "plainly disfavor" such motions. INS v. Abudu, 485 U.S. 94, 110 (1988). Accordingly, the Court reviews the Board's denial of a motion to reopen for abuse of discretion with "broad deference" to its decision. Ezeagwuna v. Ashcroft, 325 F.3d 396, 409 (3d Cir. 2003). Thus, in order to succeed on the petition for review, Singh must ultimately show that the Board's discretionary decision was somehow arbitrary, irrational, or contrary to law. See Tipu v. INS, 20 F.3d 580, 582 (3d Cir. 1994).

To the extent Singh attempted to raise the issue regarding lack of notice of the 1998 hearing and his potential to adjust status, his motion to reopen was untimely. The Board adjudicated those issues in its December 2003 decision, and Singh did not file a petition for review from that decision. Even if the motion had been timely, because Singh did not provide any new information regarding his alleged failure to receive notice of his 1998 hearing, and because he was statutorily ineligible to adjust status, the Board would not have abused its discretion in denying his motion to reopen on those grounds.

Singh's third ground for reopening is potentially timely, as it appears to be based on changed country conditions. 8 C.F.R. § 1003.2(c)(3)(ii). Such a motion "shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall

---

Stone v. INS, 514 U.S. 386, 405 (1995); Nocon v. INS, 789 F.2d 1028, 1033-34 (3d Cir. 1986).

4

be supported by affidavits or other evidentiary material." 8 C.F.R. § 1003.2(c)(1). Singh alleged that the police raided his home twice in December 2004, asking for him. The four affidavits (one from an advocate, one from his brother and two from village members) state that Singh's name has been "enlisted with the criminals in the Police Record." They state that although Singh is innocent and has no connection whatsoever with criminals, the police repeatedly raid his house "to nab him and send him behind the Bar to be tried in the court." The Board found that the evidence Singh provided was insufficient to establish a prima facie case for asylum or withholding of removal.[4] Although the Board did not further explain its finding, we note that neither the motion to reopen nor the affidavits allege that Singh has been or will be persecuted on the basis of any protected ground.[5] We find that the Board did not abuse its discretion in denying the motion to reopen. For the foregoing reasons, the petition will be denied.

---

[4] In determining whether a prima facie case has been made, the Board asks whether the new evidence, considered in light of the relevant evidence already presented by an alien, "reveals a reasonable likelihood" of success on a renewed claim. Sevoian v. Ashcroft, 290 F.3d 166, 173 (3d Cir. 2002). Here, because Singh did not appear at his original hearing, there was no testimony in support of his asylum claim, and no evidence was included in the record aside from his original asylum application.

[5] An applicant for asylum has the burden of establishing that he is a refugee, defined as one who is unable or unwilling to return to his home country "because of [past] persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion[.]" 8 U.S.C. § 1101(a)(42)(A); see also 8 C.F.R. § 208.13(a); Abdille v. Ashcroft, 242 F.3d 477, 482 (3d Cir. 2001). To be entitled to withholding of removal, an applicant must prove that his "life or freedom would be threatened in that country because of [his] race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3).